**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOEL GARCIA, | : | Civil No. 1:26-CV-01811 |
| Plaintiff, | : | |
| v. | : | |
| BRYCE MARTZ, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a complaint and a motion to proceed *in forma pauperis* filed by Joel Garcia ("Plaintiff"), and inmate currently housed at State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"). (Docs. 1, 9.) The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss the complaint for not alleging facts that demonstrate personal involvement on the part of the defendants. The court will grant Plaintiff an opportunity to cure this pleading defect by filing an amended complaint.

## Procedural Background and History

Plaintiff initiated this action by filing a complaint dated June 24, 2026. (Doc. 1.) The court received and docketed this complaint on June 30, 2026. (*Id.*) The complaint names multiple defendants: (1) Bryce Martz, a Correctional Officer at SCI-Coal Township; (2) Four Unnamed Correctional Officers at SCI-Coal

Township; (3) Brown, Correctional Officer at SCI-Coal Township; (4) Evans, Lieutenant at SCI-Coal Township; and (5) unknown attending medical staff at SCI-Coal Township. Plaintiff alleges that between September 11, 2024 through November 21, 2024 while he was housed at SCI-Coal Township, five correctional officers came to his cell to transport him to the Restricted Housing Unit ("RHU"). (*Id.*, p.[1] 4.) Plaintiff alleges that he asked why he was being transferred and received no response. (*Id.*) Plaintiff states that the correctional officers sprayed pepper spray into his cell. (*Id.*) He alleges that the correctional officers then tackled him to the floor and restrained him resulting in injuries to his left shoulder and left lower extremity. (*Id.*) He states that he was taken to the P.O.C. for two to three days without seeing psychology staff or receiving medical attention. (*Id.*) Plaintiff alleges that he was placed in "the hole." (*Id.*)

Plaintiff states that he complained about pain on the left side of his body and wrote several sick call slips "to no avail." (*Id.*) Plaintiff alleges that he attempted to file a grievance but believes that the grievance was not placed in the grievance box by the attending RHU correctional officer. (*Id.*, pp. 4, 7.) Plaintiff alleges that he asked why he was not being seen by medical staff or psychology and was told by the attending RHU correctional officer that "[t]his is what happens to you when you (meaning me) don't listen." (*Id.*, p. 7.) Plaintiff states that he did not receive

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

any medical care, attention , or treatment until his transfer to SCI-Huntingdon three months later. (*Id.*)

Based on these alleged facts, Plaintiff brings claims of excessive force against Defendant Martz and the four other unnamed correctional officers, deliberate indifference to a serious medical need against all Defendants, and a denial of due process claim against all Defendants. (Doc. 1, pp. 5, 7.)

On June 30, 2026, the court issued an administrative order requiring Plaintiff to pay the outstanding filing fee or file an application to proceed *in forma pauperis* within thirty days. (Doc. 3.) On July 7, 2026, the court received and docketed Plaintiff's motion to proceed *in forma pauperis*. (Doc. 4.) On July 8, 2026, the court entered an order denying Plaintiff's motion to proceed *in forma pauperis* without prejudice because Plaintiff's application was not properly completed. (Doc. 6.) On July 28, 2026, the court received and docketed Plaintiff's renewed and completed motion to proceed *in forma pauperis*. (Doc. 9.)

The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Jurisdiction and Venue

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the

United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Coal Township in Northumberland County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe*

*v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## **Discussion**

Plaintiff brings his constitutional claims under 42 U.S.C. § 1983. (Doc. 1, p. 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations omitted).

The alleged facts in Plaintiff's complaint do not demonstrate the personal involvement of any specific defendant. Instead, Plaintiff identifies the actors in generic terms such as correctional officers or defendants. (Doc. 1.) Therefore, he fails to state a claim upon which relief may be granted, and the complaint will be dismissed without prejudice.

## CONCLUSION

For the above-stated reason, the court will dismiss the complaint without prejudice. The court will grant Plaintiff the opportunity to file an amended complaint curing the pleading defect set forth above. Any amended complaint must be titled "Amended Complaint" and filed with the above-captioned case number. If Plaintiff does not timely file an amended complaint, the court will close the case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 21, 2026